UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN D.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendants.

Case No. 2:18-CV-01400

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for Title II disability insurance and Title XVI supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge.

I.     ISSUES FOR REVEW

1. Did the ALJ err by assigning partial weight to the opinion of Dr. Cline?
2. Did the ALJ err by failing to specify which aspects of plaintiff's testimony were found to be not credible and was the credibility determination supported by substantial evidence?

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

## II. BACKGROUND

Plaintiff filed an application for supplemental security income benefits on October 30, 2014, alleging a disability onset date of September 1, 2002 – later amended to September 25, 2014. Dkt. 8, Administrative Record (AR) 39, 178, 180. The application was denied initially and on reconsideration. AR 115, 124. After a hearing, AR 35-62, an administrative law judge (ALJ) determined that plaintiff was not disabled. AR 15-30.

The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff filed a complaint with this Court, seeking reversal and remand for additional proceedings. Dkt. 10.

> Using the five-step sequential evaluation process, the ALJ found:
>
> *Step one*: Plaintiff has not engaged in substantial gainful activity since September 25, 2014 – the amended alleged onset date. AR 20.
>
> *Step two*: Plaintiff has these severe impairments: Major depressive disorder; generalized anxiety disorder; PTSD (post traumatic stress disorder); panic disorder with agoraphobia versus social anxiety with panic disorder (characterized as a social condition); avoidance personality disorder with schizoid traits; and history of substance abuse. AR 21.
>
> *Step three*: These impairments do not meet or equal the requirements of a listed impairment. AR 21.
>
> *Residual functional capacity (RFC)*: "Full range of work at all exertional levels but with the following nonexertional limitations: he is capable of simple, routine, repetitive tasks with short and simple instructions. He can make simple work-related decisions, with only occasional work place changes. He can have no interaction with

the public, and only superficial interaction with co-workers and supervisors. This does not preclude interaction with small groups of familiar individuals. He cannot perform teamwork (i.e. no tandem work with others)." AR 23.

*Step four*: Plaintiff is unable to perform past relevant work. AR 28.

*Step five*: Because plaintiff can perform jobs that exist in significant numbers in the national economy, he is not disabled. AR 29.

## III. DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 416.920. The ALJ assesses the claimant's RFC to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 416.920(e).

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the

ALJ identified and may not affirm for a different reason. *Garrison,* 579 F.3d at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

A. Alleged Error Made by the ALJ Concerning Dr. Cline, Examining Clinical Psychologist, Was Harmless

Dr. Cline, a clinical psychologist, conducted a psychological assessment of plaintiff on July 11, 2014. AR 280-284. As the ALJ noted, Dr. Cline's opinion was contradicted by other medical opinions, including Dr. Cynthia Collingwood, Dr. Jerry Gardner, Dr. David Dixon, and Dr. Shawn Kenderdine. AR 25-28, 72-75, 97-99, 275-79, 461-72.

To reject the un-contradicted opinion of either a treating or examining physician, an ALJ must provide clear and convincing reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). When other evidence contradicts the treating or examining physician's opinion, the ALJ must still provide "specific and legitimate reasons" to reject that opinion. *Id.* "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Id.* (quoting *Magallanes*, 881

F.2d at 751). In either case, the ALJ's reasons must be supported by substantial evidence in the record. *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995).

The ALJ properly discounted Dr. Cline's opinion, based on the conflict with other medical opinions and because Dr. Cline had only examined plaintiff once. In addition, any error in the ALJ's evaluation of Dr. Cline's opinion would be harmless, because the ALJ included limitations in the RFC that account for the same concerns Dr. Cline identified relating to plaintiff's difficulty in social situations. AR 23 (no tandem work with others, no interaction with the public and superficial interaction with other workers). Because the ALJ's decision would remain legally valid despite this alleged error, the Court finds this to be harmless error. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1163 (9th Cir. 2008).

    A. Credibility of Plaintiff's Statements Concerning Severity of Symptoms and Work-related Limitations

In weighing a plaintiff's testimony, an ALJ must use a two-step process. First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.* The ALJ is required to state what testimony he or she determined to be not credible and point to the evidence that undermines the plaintiff's credibility. *Id.*

In this case, the ALJ pointed to plaintiff's statements that due to anxiety he was completely unable to drive, interact with or even be present with other people. AR 24-26. The

ALJ found that there was evidence in the record that showed plaintiff's credibility was not high; plaintiff had stopped driving because his license was suspended because of driving under the influence (AR 41, 463) (so this activity was no longer an activity in his life that might produce anxiety), he had been taking Xanax for more than eight years and this helped (AR 105, 275), and that he adapted and showed a more sociable attitude when he stopped using drugs and alcohol. AR 25-26. The record shows that Dr. Gardner found plaintiff only partially credible; in a report dated March 27, 2015, Dr. Gardner observed that plaintiff made a remark that "he has worked enough and has no intention of returning to work". AR 97. Dr. Cline noted that plaintiff made statements in July 2014 that he is "done working", he prefers to live in the woods rather than work, and "I've worked a lot, and I've worked enough." AR 281. The ALJ's credibility determination is supported by substantial evidence, and there is no error.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. The Commissioner's decision to deny benefits therefore is AFFIRMED.

Dated this 25th day of September, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 6